**UNITED INDIANS OF NEBRASKA,**
Petitioner,

v.

**Raymond J. DONOVAN, Secretary, Department of Labor, Respondent.**

No. 82–1286.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1983.

Decided Jan. 25, 1983.

P.F. Render, Omaha, Neb., for petitioner.

T. Timothy Ryan, Jr., Sol. of Labor, William H. DuRoss, III, Associate Sol. for Em-

ployment and Training, James P. Marion, Jr., Deputy Associate Sol. for Employment and Training, E. Kathleen Shahan, Atty. U.S. Dept. of Labor, Washington, D.C., for respondent.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Petitioner United Indians of Nebraska applied to the Division of Indian and Native American Programs (DINAP) of the Department of Labor for grant funds for fiscal year 1981 under the Comprehensive Employment and Training Act of 1973, as amended, (CETA) to serve the Native American population of seven Iowa counties and seventeen Nebraska counties. Petitioner was initially awarded the requested funding for all of the counties except for one in Nebraska. After petitioner requested reconsideration of the initial funding decision DINAP upheld its denial of grant funds for the county in question and also determined that it had incorrectly awarded funding to petitioner for two other Nebraska counties. DINAP's adverse decision was followed by a request for a hearing. In January, 1982 an Administrative Law Judge (ALJ) upheld the denial of grant funds for all three counties.[1] Petitioner subsequently sought review of the administrative decision in this court.

It is clear from the record in this case that the fiscal year in question had expired by the time the matter wound its way through the appropriate administrative channels and a final administrative decision was rendered. In addition, CETA, the federal law authorizing the disbursement of grant funds for the benefit of Native Americans in this case, expired at the end of fiscal year 1982.[2] It is conceded that no retroactive relief can be given with respect to fiscal year 1981, and in light of the circumstances nothing that this court could

decide on the merits or that the ALJ decided in his decision of January, 1982 can or should provide any precedent for future action. Therefore, we conclude that this case must be, and it is, dismissed as moot.

---

1. The ALJ's decision was the final decision of the Secretary in this case.

2. *See* S.Rep. No. 469, 97th Cong., 2d Sess. 1, *reprinted in* [1982] U.S.Code Cong. & Ad.News 2636, 2636.