**FAUCONNIERE MANUFACTURING CORPORATION, Appellee,**

v.

**SECRETARY OF DEFENSE, Secretary of the Army, and Defense Logistics Agency, Appellants.**

No. 86–1017.

United States Court of Appeals, Eighth Circuit.

Submitted May 30, 1986.

Decided June 24, 1986.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellants.

Thomas R. Buresh, Cedar Rapids, Iowa, for appellee.

Before ROSS, ARNOLD, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

This is an appeal from a preliminary injunction issued by the District Court,[1] enjoining the performance of a defense procurement contract opposed by Fauconniere Manufacturing Corporation. Because the District Court stayed the injunction pending appeal, the contract has now been fully performed. We therefore dismiss the appeal as moot.

---

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

Fauconniere is a small government-contract business operating in Linn County, Iowa. It derives substantially all its income from work on government contracts. In 1985, Fauconniere filed the present complaint and application for preliminary injunctive relief alleging that the defendants were engaging in a *de facto* suspension of the company from the receipt of further government contracts, and that defendants' improper actions had deprived it of three defense procurement contracts. Fauconniere asked for injunctive relief setting aside the three contracts, which were then in the midst of performance by other parties. In addition, Fauconniere asked that the defendants be enjoined from engaging in a *de facto* suspension of the company, and that Fauconniere be awarded damages and costs suffered as a result of defendants' actions.

After conducting several hearings on the matter, the District Court concluded that the defendants were, indeed, engaging in a *de facto* suspension of Fauconniere. The Court noted that, although the defendants were conducting an ongoing criminal investigation of Fauconniere in connection with an earlier contract, the company had as yet been neither formally suspended nor indicted.[2] As a result, the defendants were refusing to deal with a company which had never received the process to which suspended contractors are entitled under federal regulations.[3]

The District Court nevertheless refused to disturb two of the three disputed contracts, pointing out that Fauconniere was not the low bidder in either instance. The Court noted, however, that Fauconniere had been precluded from bidding on the third contract (for canteen cups) because it was not given notice of bidding. For that particular contract, the procuring officer had determined that the need for canteen cups was of "compelling urgency." He therefore by-passed the usual competitive procedures and solicited bids from only three suppliers. *See* 10 U.S.C. § 2304(c)(2). According to defendants, Fauconniere was not one of those solicited because its most recent bid on a canteen-cup contract indicated that it could not meet the requisite delivery schedule. However, the District Court was not convinced that Fauconniere had been denied an opportunity to bid for any reason other than the fact that it was being investigated, and concluded that the company's procedural rights had been violated. Applying the standard set forth in *Dataphase Systems, Inc., v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981) (en banc), the Court preliminarily enjoined further performance of the canteen-cup contract, adding that it would hold a hearing on whether a permanent injunction should issue at the earliest possible date. Defendants now appeal from the order granting Fauconniere preliminary injunctive relief.

Defendants argue, among other things, that the District Court abused its discretion in granting the injunction because Fauconniere failed to establish that it was entitled to such relief. Both parties acknowledge, however, that because the District Court stayed the injunction pending appeal, the canteen cup contract has now been completed. There is therefore nothing left to enjoin, and the parties "lack a legally cognizable interest in a determination by this court of whether the district court properly granted the preliminary injunction." *Olin Water Services v. Midland Research Laboratories, Inc.*, 774 F.2d 303, 305 (8th Cir. 1985). The appeal is thus moot.

██ Defendants contend that even though the enjoined contract has been fully performed, their arguments that the District Court was without jurisdiction, and that an indispensabe party was not joined, are still live issues. The lawsuit, including Fauconniere's prayer for a permanent injunction against suspension, remains pend-

2. According to defendants, Fauconniere has since been indicted for fraud in connection with the earlier contract, and has been suspended from being awarded further government contracts because of the criminal indictment.

3. *See* Federal Acquisition Regulations (FAR), 48 C.F.R. Subpart 9.407 (1984).

ing. These defenses may be asserted in further proceedings. But so far as this appeal·is concerned, raising only the propriety of the preliminary injunction, they are wholly academic. The outcome of this appeal cannot be affected, however these issues are resolved. If a case is moot, federal judicial power is at an end, and we have no right to address other issues, even those called "jurisdictional." The existence of a live controversy is a basic prerequisite, without which we simply may not proceed.

Defendants submit that even if the injunctive aspect of the case is moot, the appeal is not moot because they may be able to recover damages on the injunction bond posted by Fauconniere if we determine that the District Court erred in granting the injunction. We do not agree. It may be that defendants have a right to recover on the injunction bond, but that issue is not presently before the Court, nor does that issue require us to rule on the propriety of·the preliminary injunction in the limited context of this appeal. *See id.* at 307–08.

Accordingly, we dismiss the appeal as moot, and remand this matter to the District Court with directions to vacate as moot its order granting a preliminary injunction. See *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). The complaint of course remains pending (so far as we know), and the District Court should go forward to decide it in due course.

It is so ordered.