NORTH DAKOTA RURAL DEVELOP-
MENT CORPORATION, Petitioner,

v.

UNITED STATES DEPARTMENT OF
LABOR, Respondent,

Minnesota Migrant Council, Intervenor.

No. 86–1492.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1987.

Decided May 22, 1987.

David T. Smorodin, Washington, D.C.,
for petitioner.

Vincent C. Costantino, Washington, D.C.,
for respondent.

Before ARNOLD and FAGG, Circuit
Judges, and DEVITT,* Senior District
Judge.

FAGG, Circuit Judge.

North Dakota Rural Development Corpo-
ration (NDRDC) applied for a federal grant
under the Job Training Partnership Act
(JTPA), 29 U.S.C. §§ 1501–1781, to adminis-
ter job training programs to benefit North
Dakota migrant and seasonal farmworkers.
See id. § 1672. As a part of the grant
application process each applicant is re-
quired to undergo a "responsibility review"
for the purpose of determining its basic
fitness to administer federal funds. 20
C.F.R. § 633.204. A Department of Labor
(Department) hearing officer determined
NDRDC failed the responsibility review,
but an administrative law judge reversed
that determination. On review, the Depart-
ment reinstated the hearing officer's deci-
sion. Despite the fact that among appli-
cants for the grant NDRDC received the
highest numerical competitive rating, its
failure in the responsibility review phase
precluded it from being further considered
in the 1985–87 fiscal year grant competi-
tion. See id. § 633.204(b). The Depart-
ment awarded the grant to one of the other
four applicants, intervenor Minnesota Mi-
grant Council.

NDRDC petitions this court for review of
the Department's order and asks that the
finding of nonresponsibility be stricken
from its administrative record with the De-
partment. The Department moves to dis-
miss the appeal as moot, contending that
the imminent expiration of the 1985–87
grant period makes relief in favor of
NDRDC unavailable. We hold the case to

* The HONORABLE EDWARD J. DEVITT, Senior
United States District Judge for the District of
Minnesota, sitting by designation.

be moot and grant the Department's motion to dismiss.

■ This court has no jurisdiction to review the final decision of a federal administrative agency unless "a litigant [has] suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 375, 78 L.Ed.2d 58 (1983) (per curiam); *see also Fauconniere Mfg. Corp. v. Secretary of Defense,* 794 F.2d 350, 352 (8th Cir.1986). In this case the finding NDRDC seeks to overturn is intertwined with the Department's award of a JTPA grant for the fiscal year expiring on June 30, 1987. Regulations covering the administration of JTPA grants, which are not challenged by NDRDC, specifically describe the relief available to a disappointed applicant at this stage in the grant process:

> (e) Any applicant whose grant application is denied in whole or in part by the Department may request an administrative review as provided in Part 636, with respect to whether there is a basis in the record to support the Department's decision. This appeal will not in any way interfere with the Department's designation and funding of another organization to service the area in question during the appeal period. *The available remedy under such an appeal will be the right to be designated in the future rather than a retroactive or immediately effective selection status.* Therefore, in the event the ALJ rules that the organization should have been selected and the organization continues to meet the requirements of this Part, the Department will select and fund the organization within 90 days of the ALJ's decision *unless the end of the 90–day period is within 6 months of the end of the funding period.*

20 C.F.R. § 633.205(e) (emphasis added).

■ Two other courts of appeals have been faced with comparable challenges to the Department's selection of JTPA grant recipients. *See Campesinos Unidos, Inc. v. United States Dep't of Labor,* 803 F.2d 1063 (9th Cir.1986); *Maine v. United States Dep't of Labor,* 770 F.2d 236 (1st Cir.1985). Both courts found that the regulations express a rational Department policy against providing relief after the end of the grant period, and that the unavailability of relief rendered the appeals moot. *Campesinos,* 803 F.2d at 1070–71; *Maine,* 770 F.2d at 239; *see also, e.g., United Indians of Neb. v. Donovan,* 702 F.2d 673, 674 (8th Cir.1983) (per curiam). Under these cases and the applicable regulations we fail to see how we are able to change the outcome of the current year's selection process or in any way secure a preferred status for NDRDC in a future grant competition. *See Campesinos,* 803 F.2d at 1069.

NDRDC's counsel candidly admitted at oral argument that actual receipt of the 1985–87 grant funds is at this point no longer a viable alternative. NDRDC claims instead that the avenue of relief it does pursue—the vindication of its reputation within Department records—is still open and prevents a dismissal on mootness grounds. We disagree. Section 633.205(e) does not permit relief even to a grantee improperly denied funding when the decision comes within ninety days of the end of the grant year. The 1985–87 funds have been awarded, and the grant period has nearly expired. Thus, a decision today in NDRDC's favor on the responsibility determination could not redress NDRDC's fundamental injury in this case—its bar from participation in the 1985–87 grant competition.

We recognize that in a practical sense a certain stigma may follow NDRDC's designation as nonresponsible, and we are sympathetic to the difficulties of pushing a case through appellate channels during a two-year grant cycle. Even so, NDRDC has not applied for grants for upcoming fiscal years, and any application it makes will not be considered by the Department until a later date. The present finding of nonresponsibility is not binding on the Department in future grant competitions, and our disposition of the case deprives the Secretary's decision of any precedential effect on this point. *See United States v.*

*Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *see also A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. 324, 329, 82 S.Ct. 337, 340, 7 L.Ed.2d 317 (1961); *United States v. National Bank of Commerce,* 775 F.2d 1050, 1050 (8th Cir.1985).

Accordingly, the Department's motion to dismiss is granted, and the case is remanded to the Department with directions to vacate as moot that portion of its final decision and order determining NDRDC to be nonresponsible under 20 C.F.R. § 633.-204.

A true copy.