**AINSWORTH ARISTOCRAT INTERNATIONAL PTY. LIMITED, Plaintiff,**

v.

**TOURISM COMPANY OF the COMMONWEALTH OF PUERTO RICO; Bally Manufacturing; and International Game Technology, Defendants.**

Civ. No. 86–0883(JP).

United States District Court, D. Puerto Rico.

Aug. 19, 1988.

Harry Anduze, Santurce, P.R., for plaintiff.

Philip Reilly, Hato Rey, P.R., for Codefendant Tourism Co. of Puerto Rico.

James D. Noel, III, Hato Rey, P.R., for Codefendant Bally Mang.

J. Ramón Rivera, Jiménez, Graffam & Lausell, San Juan, P.R., for Codefendant Intern. Game Technology.

## OPINION AND ORDER

PIERAS, District Judge.

The case is before the Court for further proceedings following reversal by the United States Court of Appeals for the First Circuit of summary judgment in favor of the defendants. The First Circuit remanded for a full hearing on the defendants' immunity from suit under the eleventh amendment, *Ainsworth Aristocrat Int'l Pty. v. Tourism Co.*, 818 F.2d 1034, 1039 (1st Cir.1987), and also noted that the case might be moot before the eleventh amendment issue is resolved. *Ainsworth Aristocrat*, 818 F.2d at 1039. The parties met with the Court on August 26, 1987, and submitted briefs on the eleventh amendment issue. A full hearing on both issues was held on February 18, 1988. For reasons that follow, the Court concludes that the contract between the defendants has been performed and that no controversy exists for our resolution.

The contract in question is one for supply of slot machines to the Tourism Company of Puerto Rico. In November, 1985, the Tourism Company requested bids in Bid Proposal 86–2 for slot machines to be installed at various casinos throughout the island. The plaintiff, defendant Bally, and defendant International Game Technology (IGT) all submitted bids. The Tourism Company awarded contracts to Bally and IGT whereby each would supply 675 machines. Ainsworth, disappointed with the results of the bidding process, challenged the propriety of the contract on a number of grounds before this Court. Just before trial, however, the defendants raised a sovereign immunity defense under the eleventh amendment, claiming that the Tourism Company was an arm of the government of Puerto Rico; thus it was not subject to suit in this Court. The Court granted the motion to dismiss, and the plaintiff appealed.

The Court of Appeals vacated this Court's decision on sovereign immunity and remanded for our full investigation of all the factors that might indicate whether the Tourism Company is an arm of the state. *Ainsworth Aristocrat*, 818 F.2d at 1038. *See Blake v. Kline*, 612 F.2d 718 (3d Cir. 1979). The Court expressed an opinion on another potential ground for our decision on remand, however—

> We recognize that this action may become moot before it is fully resolved. Ainsworth has requested only a declaratory judgment and an injunction awarding the contract in question to it. This controversy would therefore arguably be moot if the contract in question were performed before the controversy was resolved by the courts, because no appropriate relief could be granted.[27]

[27] *See Fauconniere Mfg. Corp. v. Secretary of Defense,* 794 F.2d 350, 351–52 (8th Cir.1986); *James Luterbach Constr. Co. v. Adamkus,* 781 F.2d 599, 602–03 (7th Cir.1986)

*Ainsworth Aristocrat*, 818 F.2d at 1039.

In *Fauconniere*, the government improperly denied the plaintiff its right to bid on a canteen-cup contract. The Court granted a preliminary injunction against further performance of the contract, and the defendants appealed. The Court stayed the injunction pending appeal, and the contract consequently was fully performed. Be-

cause there was "nothing left to enjoin," the Eighth Circuit dismissed the appeal as moot. The Court noted—

> If a case is moot, federal judicial power is at an end, and we have no right to address other issues, even those called "jurisdictional." The existence of a live controversy is a basic requisite, without which we simply may not proceed.

*Fauconniere,* 794 F.2d at 352.

In *Luterbach,* a construction firm challenged the Environmental Protection Agency's instruction to award a contract for construction of a waste-treatment plant to another bidder. The plaintiff sought a declaratory judgment that the contract was improperly awarded and requested preliminary and permanent injunctions against payments to the winning bidder. During the pendency of the litigation, the plant was 98% completed and became fully operational. The district court granted summary judgment for the defendants on the merits, despite the apparent mootness of the controversy. On appeal, the Seventh Circuit vacated the district court's order and remanded for dismissal as moot. Because none of the plaintiffs' requested relief was available at the time of the district court's order, and because the controversy was not likely to be repeated without possibility of review, the district court had no authority to reach any other issue.

The present cause is discernable from *Luterbach* only in insignificant respects. Ainsworth's complaint included a request for relief in three parts: 1) a declaration that Auction 86–2 is null and void; 2) an injunction against the entry of a contract between the defendants; and 3) a mandatory injunction requiring the Tourism Company to enter into a contract with Ainsworth. The complaint was filed on June 9, 1986, along with motions for a temporary restraining order and a preliminary injunction. The parties met with the Court on that same day, and the defendants agreed to preserve the status quo until June 13,

1986, thereby obviating the need for a temporary restraining order. On June 13, 1986, the Court issued an order setting August 4, 1986, as the date for a hearing on the preliminary and permanent injunctions. On July 31, 1986, the defendants jointly filed a motion to dismiss based, in part, on the Tourism Company's immunity from suit under the eleventh amendment. The Court heard the arguments of the parties on August 4 and 5, 1986, and it granted the motion to dismiss at that time.

The plaintiff filed motions to stay the proceedings pending appeal with this Court and with the Court of Appeals. After due consideration, both motions for stay were denied. In its opinion on the merits, the First Circuit noted: "We have been informed by counsel that performance is well under way and will be completed shortly. Although we could issue an injunction and stay the completion of the contract pending disposition of this action, it is clear that Ainsworth does not come close to meeting the requirements necessary for such a stay." *Ainsworth Aristocrat,* 818 F.2d at 1039.[1]

In the meantime, while Ainsworth pressed its case before this Court and on appeal, the contract Ainsworth sought was awarded to IGT and Bally. A contract for IGT machines was signed on October 17, 1986, between the Tourism Company and an IGT distributor, Atlantic City Coin and Slot Service Company, Inc. A contract for Bally machines was signed on November 12, 1986, between the Tourism Company and a Bally distributor, David Mercer International, Inc. The Bally machines were delivered and accepted by January 23, 1987, and the IGT machines by March 31, 1987. The machines have been installed, are operating, and are yielding "substantial revenue." Affidavit of M. Domenech, ¶ 2. The contracts include provisions for training Tourism Company technicians, for service, and for stocking spare parts. All

---

1. The Court concluded that Ainsworth failed to meet any of the criteria for such a stay: 1) there was little possibility that Ainsworth would succeed on the merits; 2) there was no significant likelihood of irreparable harm if the stay was not granted; 3) the stay would significantly harm other parties; 4) the stay could significantly harm the public interest. *Ainsworth Aristocrat,* 818 F.2d at 1039, 1040.

such provisions terminated one year after acceptance of the machines, except for the sellers' obligation to maintain spare parts in U.S. warehouses for 10 years. It is patently clear that the contracts were substantially performed when the Tourism Company accepted the machines.

■ The plaintiff seeks no damages, but a declaratory judgment and injunctions against the award of the contract to IGT and Bally and requiring the award to Ainsworth. Because the contracts have been awarded and substantially performed, neither the declaration nor the injunctions can afford Ainsworth relief. The issues posed by Ainsworth's suit are therefore moot.

■ The plaintiff argues that its claim is not moot because the short-term nature of the action makes the issues capable of repetition, yet evading review, *citing Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1910). Ainsworth claims that auctions for slot machines have occurred before, will occur again, and that IGT and Bally will bid again—due to the existing mechanisms for software and spare parts. It claims, moreover, that it will not have a chance, in the future, to obtain redress for the Tourism Company's unfair bidding rules.

Before this Court can consider a controversy that is otherwise moot, "the plaintiff must show that 1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and 2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Boston Teachers Union, Local 66 v. Edgar*, 787 F.2d 12, 17 (1st Cir.1986). The plaintiff does not explain why it believes the challenged action—the bid process and award of contract—had too short a duration to fully be litigated before the contract was signed and the slot machines delivered. Ainsworth merely concludes that the action has a short-term nature. It seems apparent, however, that the controversy was not necessarily of short duration. Repeatedly throughout the proceedings, Ainsworth asked for maintenance of the status quo, and early in the litigation the defendants voluntarily refrained from acting for a time. Both this Court and the Court of Appeals had ample opportunity to prohibit the award and the fulfillment of the contract if Ainsworth had made the requisite showings of likely harm and likely success. The apparent reasons for Ainsworth's failure to maintain the status quo were related to the merits of the case, not the duration of the controversy. There is no reason to believe that a merited case would suffer the same mootness fate as Ainsworth's. The Court holds, therefore, that the action was not too short to be fully litigated prior to its cessation.

■ In addition, the Court finds that there is no reason to believe that Ainsworth will be subject to the same action again. The plaintiff states that its action concerns the violation by the Tourism Company of the norms and regulations of the bidding process. Plaintiff's Memorandum of Law, p. 3, (October 27, 1987). The facts indicate that Ainsworth was a disappointed bidder on one occasion and that Ainsworth complained of irregularities in the bid process. The facts do not indicate, and the Court cannot conclude, that the Tourism Company has acted improperly in other bids, or that it will violate any rules or regulations in the future. Neither has the Court been shown that Ainsworth intends to submit a bid on any future slot-machine purchase. Any finding that Ainsworth would be subject to improper bid procedures by the Tourism Company would be based purely on speculation—not on any facts indicating a reasonable likelihood of repetition.

Because Ainsworth can obtain full and proper relief in this Court if the controversy were to repeat, and because the questions presented are otherwise moot, the Court must dismiss the case. Because there is no case or controversy, the Court will not issue a ruling on the eleventh amendment question that has been advanced by the parties. Such a ruling would be advisory only and would be particularly improper on an issue of constitutional interpretation. *See Powell v. McCormack*, 395

U.S. 486, 496, 89 S.Ct. 1944, 1950–51, 23 L.Ed.2d 491 (1969).

For the foregoing reasons, the case is hereby DISMISSED as moot.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.