929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAKE CUMBERLAND COMMUNITY SERVICES ORGANIZATION, INC., Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, Kentucky Farmworker
Programs, Inc., Respondents.
 No. 90-4018.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 
 1
 Dept. 8 ??, No. 89-JTP-20.
 
 
 2
 D.O.L.
 
 
 3
 DISMISSED.
 
 
 4
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 5
 This is a petition by an unsuccessful applicant for a grant under the Migrant and Seasonal Farmworkers Programs of the Job Training Partnership Act, Title IV, Section 402, 29 U.S.C. Sec. 1672 ("migrant programs"). Petitioner seeks declaratory relief enforcing a June 14, 1990 decision of an Administrative Law Judge finding that petitioner should have been the successful grantee for Kentucky for the July 1, 1989 through June 30, 1991 grant period. On November 20, 1990, the same day that petitioner filed for relief in this court, the Secretary of Labor reversed the June 14, 1990 decision and upheld the selection of Respondent Kentucky Farmworker Programs, Inc. as the grantee. The United States Department of Labor moves to dismiss the appeal as moot. Petitioner opposes dismissal and seeks to have its petition advanced pursuant to Rule 7(a), Rules of the Sixth Circuit.
 
 
 6
 The final adjudicatory act of the agency is the November 20, 1990 decision of the Secretary of Labor and not the June 14, 1990 decision of the Administrative Law Judge. 29 U.S.C. Sec. 1576(b); 20 C.F.R. Sec. 636.11. The petition seeking enforcement of the non-final Administrative Law Judge's decision is not properly before this court and is subject to dismissal for lack of jurisdiction. See 29 U.S.C. Sec. 1578(a); 5 U.S.C. Sec. 704.
 
 
 7
 The petition was filed in this court on the same day as the Secretary of Labor issued the final agency determination and reversed the decision of the Administrative Law Judge. Construing the petition as an appeal from the final decision of the Secretary of Labor could provide a basis for this court's jurisdiction. 29 U.S.C. Sec. 1578(a). However, as the court is not in the position to grant any relief to the petitioner, such an appeal would be moot. See Deakins v. Monaghan, 484 U.S. 193 (1988); Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir.1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief").
 
 
 8
 The only remedy for an applicant found to have been wrongfully denied selection as a grantee under the migrant programs is to be funded by the Department of Labor for the remainder of the two year grant period. 20 C.F.R. Sec. 633.205(e); North Dakota Rural Development Corp. v. United States Department of Labor, 819 F.2d 199 (8th Cir.1987); Campesinos Unidos, Inc. v. United States Department of Labor, 803 F.2d 1063 (9th Cir.1986); State of Maine v. United States Department of Labor, 770 F.2d 236 (1st Cir.1985). The regulations provide that funding to an applicant wrongfully denied a grant will be within 90 days of the decision finding wrongful denial, unless the end of the 90 day period is within six months of the end of the funding period. Id. Thus, unless an unsuccessful applicant receives a final decision from either the Department of Labor or a Court of Appeals finding that the applicant was wrongfully denied the grant prior to nine months before the end of the funding period, the applicant has no remedy. 20 C.F.R. Sec. 633.205(e) does not require the Department of Labor to fund an applicant based upon a decision of an Administrative Law Judge that is not final because it is under review by the Secretary of Labor.
 
 
 9
 The record in this case reveals that the funding period for which petitioner sought a grant was from July 1, 1989 through June 30, 1991. Unless petitioner received a final decision that it was wrongfully denied the grant prior to October 1, 1990, no relief was available. Petitioner has yet to receive such a final decision. To the contrary, the Secretary of Labor decided on November 20, 1990 that petitioner was not wrongfully denied the grant. Thus, as of October 1, 1990, (i.e., prior to the filing of the petition before this court,) there was no relief the court could grant to petitioner.
 
 
 10
 This controversy is not "capable of repetition, yet evading review," so as to avoid dismissal for mootness. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Petitioner contends that the Department of Labor intentionally delayed the review of its denial of the grant so as to deprive petitioner of any relief. Petitioner, however, cannot make a reasonable showing that it will again be subject to similar conduct by the Department of Labor. See Rettig v. Kent City School District, 788 F.2d 328, 330 (6th Cir.), cert. denied, 478 U.S. 1005 (1986).
 
 
 11
 It therefore is ORDERED that the motion to dismiss for lack of jurisdiction be granted and, consequently, that the motion to advance be denied.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation