# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2155

_____

| | | |
|---|---|---|
| Midwest Farmworker Employment and Training, Inc., | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | On Petition for Review of a Final |
| v. | * | Decision of the United States |
| | * | Department of Labor. |
| United States Department of Labor, | * | |
| Administrative Review Board, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: October 21, 1999

Filed: January 27, 2000

_____

Before BEAM, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Midwest Farmworker Employment and Training, Inc. petitions for review of the Department of Labor's decision that its complaints are moot. Midwest filed three complaints for administrative review of the decision not to award Midwest grants under

the Job Training and Partnership Act, 29 U.S.C. §§ 1501-1792b (1994),[1] for Minnesota, South Dakota and North Dakota for the 1997-1999 grant term. The Administrative Law Judge found that there were improprieties in the grant selection process, but rather than ordering that Midwest be designated the grantee for the remainder of the grant term, the ALJ ordered that a new grant competition be held. The Department filed exceptions to the ALJ's decision, and Midwest filed cross-exceptions. The Administrative Review Board held that the only relief available to a disappointed grant applicant was designation as the prospective recipient for the remainder of the grant period in question. See 20 C.F.R. § 633.205(e) (1999). This relief was only available for the first fifteen months of the grant period, which expired on October 3, 1998. The Review Board therefore dismissed the complaints as moot on March 31, 1999. Midwest appeals, arguing that its case falls within the exception to mootness doctrine for situations capable of repetition yet evading review. Midwest also argues that actions by the Department in the grant award process violated Midwest's right to due process of law. We affirm the Department of Labor's dismissal of the petition for review.

Midwest is a not-for-profit corporation that provided training programs for migrant and seasonal farmworkers in 1995-1996 and earlier years in Minnesota, North Dakota and South Dakota, using federal grants. The grants are awarded for two-year periods. Under the Job Training and Partnership Act, the Department of Labor has the authority to waive competition for a two-year period if the Labor Secretary determines that the current grantee is performing satisfactorily. See 29 U.S.C. § 1672(c)(2) (1999). On January 13, 1997, the Director of the Division of Migrant and Seasonal Farmworker Programs notified Midwest that the Department had determined Midwest was not performing satisfactorily and that the grants for the three states serviced by Midwest would be opened for competition, rather than being awarded to Midwest

_____

[1]The Job Training and Partnership Act will be superseded by the Workforce Investment Act of 1998, Pub. L. No. 105-220, sec. 167, 112 Stat. 936, 1025.

without competition. The Department published a solicitation for grant applications in the Federal Register. Midwest participated in the competition for the grants, but the Department selected other applicants to receive the three grants.

Under the Department's regulations, a disappointed grant applicant may request administrative review of the Department's decision, but the nature and timing of relief are limited so as to minimize interference with administration of the Migrant and Seasonal Farmworker Program:

> Any applicant whose grant application is denied in whole or in part by the Department may request an administrative review as provided in part 636, with respect to whether there is a basis in the record to support the Department's decision. This appeal will not in any way interfere with the Department's designation and funding of another organization to service the area in question during the appeal period. The available remedy under such an appeal will be the right to be designated in the future rather than a retroactive or immediately effective selection status. Therefore, in the event the ALJ rules that the organization should have been selected and the organization continues to meet the requirements of this part, the Department will select and fund the organization within 90 days of the ALJ's decision unless the end of the 90-day period is within 6 months of the end of the funding period.

20 C.F.R. § 633.205(e).

Midwest filed complaints concerning its failure to receive the award in each of the three states. The complaints were consolidated and proceeded to a hearing before an ALJ. The ALJ found that the Department's decision to open the 1997-1999 grants for competition, rather than awarding them to Midwest without competition, was supported by substantial evidence. However, the ALJ found that competition was marred by irregularities. First, the Director of the Division of Migrant and Seasonal Farmworker Programs had accepted gifts of foodstuffs from Motivation Education &

Training, Inc., the organization that eventually received two of the grants. Second, an employee of Motivation had embezzled federal funds from Motivation, rendering it unfit to receive further grants in the opinion of the ALJ. Third, during the evaluation process, the point value for "familiarity with service area" was accidentally reduced, apparently by a typographical error; since Midwest was the incumbent provider for the area and presumably very familiar with the service area, a reduction in points available for this factor worked to its disadvantage. Although the ALJ concluded that the award of the grants to Motivation was improper, he did not designate Midwest as the proper grant recipient, but instead ordered that the Secretary conduct new competitions for the 1997-1999 grants for Minnesota, South Dakota, and North Dakota.

On review, the Department's Administrative Review Board held that once the first fifteen months of the grant period expired, no remedy was available for wrongful award of the grant. Because the first fifteen months had already expired, the Board dismissed Midwest's complaints as moot.

We review a dismissal for mootness de novo. See Minnesota Humane Soc'y. v. Clark, 184 F.3d 795, 797 (8th Cir. 1999).

Our starting point in this case must be North Dakota Rural Development Corp. v. United States Department of Labor, 819 F.2d 199, 200 (8th Cir. 1987), in which we held that a challenge to selection of Job Training Partnership Act grant recipients became moot when relief was no longer available under 20 C.F.R. § 633.205(e). We cited Campesinos Unidos, Inc. v. United States Department of Labor, 803 F.2d 1063 (9th Cir. 1986), and Maine v. United States Department of Labor, 770 F.2d 236 (1st Cir. 1985), in which the Ninth and First Circuits held that section 633.205(e) expresses "a rational Department policy against providing relief after the end of the grant period." North Dakota Rural Dev. Corp., 819 F.2d at 200.

Midwest argues that its case falls within the exception to mootness doctrine for cases capable of repetition, yet evading review. This exception applies only in exceptional situations, and only when two factors exist: the challenged action must be of a duration too short to be fully litigated before becoming moot, and there must be a reasonable expectation that the same complaining party will be subjected to the same action again. See Spencer v. Kemna, 523 U.S. 1, 17-18 (1998) (placing burden of showing factors on party asserting jurisdiction); Missouri v. Craig, 163 F.3d 482, 485 (8th Cir. 1998). Midwest has shown neither factor in this case. In Maine v. United States Department of Labor, then-Judge Breyer rejected the argument that section 633.205(e) provides too short a time for relief, since procedures for expedited review were available. 770 F.2d at 240 (citing 29 C.F.R. § 18.42 (1984)). In Missouri v. Craig, 163 F.3d at 485, we, too, emphasized the availability of expedited review procedures in rejecting an argument that an administrative remedy lapsed too soon to be litigated. Midwest does not contend that it has pursued expedited procedures in this case. See Minnesota Humane Soc'y., 184 F.3d at 797 ("When a party has these legal avenues available [for expedited review], but does not utilize them, the action is not one that evades review."). Second, Midwest's complaints concern claimed irregularities in one grant award, not standing department policies. A claim based on peculiar facts, such as the typographical error in the scoring of the competition and the alleged violation of ethical rules by the program director in this case, who has since retired, is not particularly likely to recur. See Campesinos Unidos, 803 F.2d at 1068; Lake Cumberland Community Servs. Org., Inc. v. United States Dep't of Labor, No. 90-4018, 1991 WL 43905, at *2 (6th Cir. Mar. 29, 1991) (unpublished).

Midwest argues that its claims are not moot because we can still provide relief. Specifically, Midwest contends that even though the grant period is now over, we should grant declaratory relief vacating the Department's action of opening the 1997-1999 grant for competition, rather than automatically awarding it to Midwest. Midwest contends this action is appropriate to clear its name of the "false adjudication of unsatisfactory performance." We rejected such an argument in North Dakota Rural

Development, 819 F.2d at 200-01, where we stated that when we dismiss a case for mootness, the administrative decision appealed from is deprived of precedential effect. Cf. Spencer, 523 U.S. at 18 ("We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

Midwest also asks us to create other remedies, both monetary relief and prospective designation as grant recipient for future grant terms. The First Circuit squarely rejected the notion that the courts have any authority to grant these sorts of relief in Maine v. United States Department of Labor, 770 F.2d at 240, and we are persuaded by its reasoning.

Finally, Midwest asserts a Bivens[2] claim that the Department violated its due process rights in deciding not to waive competition on the 1997-1999 grants. Midwest had remedies available for the alleged wrongful selection of the grantee for that term, and in fact received a hearing on the issue of the decision not to waive competition. (The ALJ found that the Department had acted properly in this regard.) The fact that the proceeding became moot before a final adjudication was received does not deprive Midwest of due process. Cf. Maine v. United States Dep't of Labor, 770 F.2d at 240 (even though instant case became moot, "DOL apparently retains procedures adequate to obtain judicial relief in most cases.").

We affirm the Department's dismissal of Midwest's complaints as moot.

---

[2]Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.