# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2525

_____

| | | |
|---|---|---|
| USCOC of Greater Missouri, LLC, doing business as U.S. Cellular, | * * * | |
| Appellant, | * * | |
| v. | * * | |
| County of Franklin, Missouri, | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Appellee, | * * | |
| Mary R. Fritz, Revocable Trust Dated June 28, 2005, | * * * | |
| Intervenor Defendant–Intervenor. | * | |

_____

Submitted: September 21, 2010
Filed: March 2, 2011

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

Appellant USCOC (U.S. Cellular) appeals from the district court's sua sponte dismissal of U.S. Cellular's complaint and denial of all outstanding motions. Because this matter was not moot at the time of the dismissal, we reverse the district court's order and remand for further proceedings consistent with this decision.

## I.     BACKGROUND

U.S. Cellular desires to construct a cellular telephone tower in Franklin County, Missouri.  To that end, U.S. Cellular filed an application for a conditional use permit (CUP) with the County in January 2007.  On April 11, 2007, the Franklin County Planning and Zoning Commission (Commission) denied the application. U.S. Cellular appealed this decision and on July 11, 2007, the Franklin County Board of Zoning Adjustment (the BOZA) affirmed the Commission's earlier denial of U.S. Cellular's application.

U.S. Cellular filed this action in federal district court on August 10, 2007, challenging the BOZA's July 11, 2007, decision, alleging claims arising under the Federal Telecommunications Act of 1996 (TCA), as well as Missouri state law.  In its complaint, U.S. Cellular prayed for three specific forms of relief in addition to certain monetary requests: 1) a declaration that Franklin County's denial of the CUP violated TCA procedural and substantive requirements and the Franklin County Unified Land Regulation; 2) an injunction or writ compelling Franklin County to issue a CUP; and 3) an order reserving jurisdiction in the district court "to resolve any issues between the parties as to further site plan and building permit issues, to ensure the integrity of dealings between the parties" regarding the CUP application.

On August 20, 2008, the district court determined that the July 11, 2007, written decision did not satisfy TCA requirements because it did not contain any explanation of the reasons for the denial, i.e., it did not articulate the "substantial evidence" supporting the BOZA's denial of the U.S. Cellular CUP application.  Accordingly, the court remanded the action to the BOZA for a new hearing and a new written decision. In that same order, the district court stayed the remainder of U.S. Cellular's federal action, thus maintaining jurisdiction in the federal court during the pendency of the BOZA remand proceedings.

Following the district court's remand to the BOZA, the BOZA held rehearings and issued a new written decision on December 23, 2008. In that decision, instead of merely providing the requested written support for the initial denial of U.S. Cellular's application, the BOZA *granted* U.S. Cellular's CUP. U.S. Cellular notified the district court of the BOZA's action by way of a status report filed on February 17, 2009. Also in that status report, U.S. Cellular notified the district court that Fritz Trust had filed suit in state court on January 21, 2009 (the Fritz Trust action), requesting that the December 23, 2008, BOZA approval be set aside.[1] U.S. Cellular's status report further emphasized that even though the BOZA granted the CUP, Franklin County would not sign it until the County was satisfied that certain conditions were met. This left the entire matter in a state of uncertainty.

The BOZA's change of tune in its later grant of the CUP lends to the unique posture of this case. On April 3, 2009, the district court issued an order specifically requesting that the parties "file briefs addressing whether [U.S. Cellular's] First Amended Complaint should be dismissed as moot." In response, on May 8, 2009, U.S. Cellular filed a Motion for Judgment seeking an order from the district court requiring the County to issue the CUP along with any other required permits, and asking the court to otherwise dispose of all pending motions. U.S. Cellular further requested that the court grant Fritz Trust's pending motion to consolidate, which would then allow the court to deny the then-pending motion to remand in the Fritz Trust action. U.S. Cellular explained that it moved for judgment because the pending Fritz Trust action prevented the County from issuing all permits necessary for the project to move forward. U.S. Cellular argued in its motion for judgment that "[n]ow,

---

[1]U.S. Cellular removed the Fritz Trust action to federal court in March 2009, case number 09-00372. Then, in April 2009, Fritz Trust moved to intervene as defendant in this action, case number 07-1426, and further moved to consolidate the two pending federal cases as well. However, these motions were denied as moot at the time the district court dismissed this action. On appeal, Fritz Trust again moved to intervene in this matter, which motion was granted.

at the eleventh hour, Fritz seeks to undo the work of this Court, relitigate issues that have already been decided, and send this dispute back to square one." On the issue of mootness, U.S. Cellular claimed that, because it was yet unable to begin construction, it had not yet been fully remedied and the case was thus not moot until work began.

On May 26, 2009, the district court held that because U.S. Cellular's initial claims were directed at the July 11, 2007, denial of its CUP application–a decision superseded by the BOZA's December 23, 2008, approval of the same application– the claims were directed at a decision no longer in force or effect. Accordingly, the district court dismissed the case as moot. On June 4, 2009, shortly after the district court's dismissal in the instant action, the district court handling the Fritz Trust action, which was also in the Eastern District of Missouri but handled by a different judge, granted Fritz Trust's motion to amend its complaint to remove all federal allegations and remanded the case back to state court. U.S. Cellular did not appeal that court's decision to decline to exercise supplemental jurisdiction in the Fritz Trust action, although it could have. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S. Ct. 1862, 1867 (2009) ("When a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)" and is thus reviewable on appeal.).[2]

---

[2]Our review of the state court docket sheet in the Fritz Trust action reveals that on December 31, 2009, the Franklin County Circuit Court held that the record contained substantial evidence to support the issuance of the CUP, but that the BOZA had not made certain required additional findings necessary to support the order. Accordingly, the court remanded the matter to the BOZA so that the BOZA could detail its findings in support of its grant of the CUP in accordance with the Unified Land Use Regulations of Franklin County (the "Zoning Code"). In April 2010, the county circuit court denied Fritz Trust's motion for new trial in the Fritz Trust action. As the parties did not apprise this panel of any development in the state action, we

-4-

Currently before us is U.S. Cellular's appeal from the district court's sua sponte dismissal in the TCA action. Franklin County elected not to file a brief on appeal.

## II.    DISCUSSION

We review a district court's dismissal for mootness de novo. <u>Midwest Farmworker Emp't and Training, Inc. v. U.S. Dep't of Labor</u>, 200 F.3d 1198, 1201 (8th Cir. 2000).

The TCA enactment in 1996 made substantial changes to the federal regulation of telecommunications as Congress sought "'to accelerate rapidly private sector deployment of advanced telecommunications and information technologies and services to all Americans by opening all telecommunications markets to competition.'" <u>New York SMSA Ltd. P'ship v. Town of Clarkstown</u>, 612 F.3d 97, 100 (2d Cir. 2010) (quoting H.R. Rep. No. 104-458, at 113 (1996), <u>reprinted in</u> 1996 U.S.C.C.A.N. 10, 124). The TCA included "new provisions applicable only to *wireless* telecommunications service providers." <u>Sprint Telephony PCS, L.P. v. County of San Diego</u>, 543 F.3d 571, 576 (9th Cir. 2008) (emphasis in original).

In section 332(c)(7) of the TCA, Congress preserved the authority of state and local governments over zoning and land use issues, but imposed limitations on that authority. 47 U.S.C. § 332(c)(7). At the same time, however, section 332(c)(7)(B) provides that "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof (I) shall not unreasonably discriminate among providers of functionally equivalent services; and (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i). To that end,

---

presume the BOZA's grant of the CUP remains intact and now complies with the Zoning Code.

"[a]ny person adversely affected by any final action or failure to act by a State or local government . . . may . . . commence an action." Id. at 332(c)(7)(B)(v). Essentially, the TCA "strikes a balance between two competing aims–to facilitate nationally the growth of wireless telephone service and to maintain substantial local control over siting of towers." Omnipoint Commc'ns, Inc. v. City of White Plains, 430 F.3d 529, 531 (2d Cir. 2005) (internal quotation omitted).

As plainly stated by U.S. Cellular, its TCA claims are not moot because U.S. Cellular still has not achieved the relief sought in its complaint–namely, its request that Franklin County remove the barriers standing in the way of erection of a telecommunications tower. Although the BOZA has now approved U.S. Cellular's CUP application, U.S. Cellular remains unable to begin construction of the tower because Franklin County has not issued the requisite building permit, an impediment that was contemplated by U.S. Cellular's First Amended Complaint. U.S. Cellular's complaint sought "[a]n expedited order . . . to resolve any issues between the parties as to further site plan and building permit issues." U.S. Cellular astutely reiterated this prayer for relief in its May 2009 Motion for Judgment. Fritz Trust also confirms that U.S. Cellular "is not entitled to the issuance of a building permit under state law until Fritz's action for review of the grant of a [CUP] is decided."

The Third Circuit's discussion in Ogden Fire Co. No. 1 v. Upper Chichester Township, 504 F.3d 370 (3d Cir. 2007), is instructive today. In Ogden Fire, a local volunteer fire company, Ogden, partnered with Sprint Spectrum, L.P., and filed a joint application with the local zoning board for approval of the erection of a telecommunications tower, the existence of which would mutually benefit both parties. Id. at 374-75. The local zoning authority denied the application and also rejected the alternate variance request. Id. at 376. Ogden and Sprint filed a complaint in federal court against the township and zoning board alleging violations of the TCA. Id. Following discovery, the federal district court granted summary judgment in favor of Ogden and Sprint, and ordered the township to grant the application and issue "any

and all zoning permits for the proposed tower." Id. The township appealed the summary judgment order to the Third Circuit. Id. at 377.

During the pendency of the summary judgment appeal, the local zoning board acted on the district court's first directive and granted the special exceptions requested by Ogden and Sprint so the project could move forward. Id. at 377. But, the project was almost immediately halted at the next bureaucratic step when the township building inspector denied the needed building permit. Id. At that point, Ogden and Sprint filed a motion to compel the issuance of a building permit in the district court, which the district court granted–a filing similar to the motion for judgment filed by U.S. Cellular in this case that was pending before the district court at the time of dismissal. Id. To finally resolve the matter and avoid any further bureaucratic delays, the district court ordered the township to "issue all necessary approvals and permits for the building of [the telecommunications tower]." Id. The township appealed that order as well, arguing that the order impermissibly expanded the scope of the prior order, which had merely ordered the township to issue zoning permits for the tower. Id. at 395. The township claimed that the district court crossed the line and intruded into an area that was strictly a matter of local law and beyond the scope of the TCA. Id. The appeals were consolidated in the Third Circuit.

On appeal, the court noted how the TCA altered the traditional deference in very important ways insofar as local decisions interfere with, or impact upon, telecommunications facilities. Id. at 379. The court affirmed the district court's order and supplemental remedy requiring the township to issue "all necessary approvals and permits," thus confirming that the TCA encompasses all aspects of the wireless service facilities construction process when a party has been adversely affected by a local government's final action or failure to act. Id. at 396. The court correctly noted that once the zoning board approved the application, if there was no assurance that approval could be had at every additional step in the administrative gauntlet that purportedly existed, the battle would merely shift from the zoning agency to another

agency charged with granting approval whenever the gavel of approval subsequently passed. Id. This, held the court, would illogically "remove the reach and protection of the TCA from the telecommunications provider and place the provider at the mercy of local regulators." Id. "Even if the local jurisdiction ultimately granted approval, the attendant delay, expense and uncertainty could adversely impact the provider's attempt to construct telecommunications facilities and subvert the national policy favoring it." Id.

The current situation in Franklin County highlights the very administrative quagmire that the TCA was enacted to avoid. Given the province of a federal court under the TCA to issue certain mandates when a party has been adversely affected by a local government's failure to act, this matter was ripe for adjudication at the time of dismissal given the local authority's failure to issue the necessary permits. Indeed, without power to mandate any and all permits contemplated by the federal claim, we would essentially perpetuate "an end run around the requirements of the TCA and thereby allow local regulatory agencies to subvert a federal policy by elevating zoning authority over congressional policy as enacted into law via the TCA." Id. Fritz Trust argues that U.S. Cellular is unable to use the TCA as a vehicle to force the County to issue the needed building permit in this case. On this belief, Fritz Trust claims it has the green light to pursue its duplicative action in state court, in turn halting any forward motion toward the erection of the tower at issue until the state action is resolved. This erroneous argument sheds light on the very chicanery the TCA was put in place to halt. Disengaging the federal courts from such a suggested exercise frustrates the intent of the TCA.

Four years later, U.S. Cellular remains unable to erect the requested tower *despite* the BOZA's approval of the CUP. The issuance of the requisite building permits is necessarily encompassed and specifically addressed in U.S. Cellular's amended complaint and later motion for judgment, and arises under the TCA. The district court erred in finding U.S. Cellular's claims moot. We therefore remand to the

district court for further consideration of U.S. Cellular's motion for judgment consistent with this opinion.

Finally, U.S. Cellular requests that the court enjoin any collateral attacks on the upcoming administrative and judicial proceedings, including the Fritz Trust pending state court claim. Under the All Writs Act federal courts have the inherent ability to protect our jurisdiction over pending disputes. 28 U.S.C. § 1651(a). Indeed, the All Writs Act authorizes federal courts to issue extraordinary writs to the extent that "the issuance of process [is] 'in aid of' the issuing court's jurisdiction." Clinton v. Goldsmith, 526 U.S. 529, 534 (1999) (quoting 28 U.S.C. § 1651(a)). The All Writs Act provides us with the tools we need for this unique case. See Sprint Spectrum L.P. v. Mills, 283 F.3d 404, 413 (2d Cir. 2002) (authorizing the use of the Act in an action under the TCA to prevent opponents of new technology from engaging in waves of litigation aimed at delay of a particular project). "'[T]he All Writs Act has been held to give the federal courts the power to implement the orders they issue by compelling persons not parties to the action to act, or by ordering them not to act.'" Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft, 491 F.3d 355, 365 n.6 (8th Cir. 2007) (quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3691 (3d ed. 1998)).

Given the procedural posture of this case we find it necessary that such a writ be issued so as to avoid any further unnecessary delays in the erection of the telecommunications tower, which delay we have held would only frustrate the congressional policies underpinning the TCA. Accordingly, although the district court's actions should suffice in the instant case to complete the project at issue without incident, especially given the state court's denial of a motion for new trial, we exercise the authority under the All Writs Act and direct the district court to enjoin any collateral attacks or any other such action that would frustrate the instant order.

## III.  CONCLUSION

For the reasons stated herein we reverse and remand this action to the district court for implementation of this judgment, including issuing all orders necessary to protect the jurisdiction of the federal courts.

SMITH, Circuit Judge, dissenting.

I respectfully dissent. I would affirm the district court's conclusion that U.S. Cellular's original claim under the TCA is moot. The TCA ensures effective and hopefully efficient legal process in state and local zoning decisions affecting cellular tower placement. It does not guarantee approval. U.S. Cellular's inability to erect its telecommunications tower in Franklin County after four years, while regrettable, is unrelated to its original claim that the BOZA violated the TCA's procedural requirements when it originally denied U.S. Cellular's application for a CUP.

The TCA allows federal courts to review the decisions of local authorities to ensure that those decisions comply with the TCA's requirements. It does not create the trump card that U.S. Cellular seeks: namely, as the majority opinion describes it, to "remove the barriers standing in the way of erection of a telecommunications tower." In enacting the TCA, "Congress did not give the courts authority to hear a zoning case anew or to take new evidence, but only to review the 'written record' for 'substantial evidence' supporting the decision of the local authority." *USCOC of Greater Iowa, Inc. v. Zoning Bd. of Adjustment of Des Moines*, 465 F.3d 817, 820 (8th Cir. 2006) (quoting 47 U.S.C. § 332(c)(7)(B)(iii)). Indeed, "[t]he TCA contains no substantive law or guidance on granting or denying permits for cellular towers and does nothing to erode the power of local authorities to enforce traditional zoning concerns." *Id*. at 822. Instead, the TCA explicitly provides that "[e]xcept as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and

modification of personal wireless service facilities." 47 U.S.C. § 332(c)(7)(A). State and local decisions will stand "so long as such decisions do not discriminate among providers and do not effectively prohibit 'the provision of personal wireless services'—and so long as the decision is in writing and supported by substantial evidence." *USCOC of Greater Iowa*, 465 F.3d at 822 (quoting 47 U.S.C. § 332(c)(7)(B)). Thereafter, a person "adversely affected by any final action or failure to act" by the state or local authority may bring suit in the district court, and the district court must "hear and decide" that suit "on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v). Nothing in the statute guarantees that a wireless service provider will receive all the permits it needs to construct a telecommunications tower.

Here, U.S. Cellular brought its original action in the district court to challenge the BOZA's decision denying its CUP application. In its complaint, U.S. Cellular argued that the BOZA's decision did not comply with the TCA's "in writing" and "substantial evidence" requirements. The district court agreed and remanded the matter to the BOZA for reconsideration. On remand, the BOZA reversed course and granted U.S. Cellular's application for a CUP. In response to the BOZA's second decision, a third party, Fritz Trust, brought suit in state court challenging the BOZA's second decision. U.S. Cellular now argues that, because of the uncertainty caused by this third-party challenge, Franklin County has not actually issued the CUP, nor will it grant another permit that U.S. Cellular needs, a building permit. Whether or not this is true, there is no longer any decision by the BOZA for this court to review. The first BOZA decision, which violated the TCA's requirements, has been superceded by the second BOZA decision. The instant record does not establish how Franklin County's response to the Fritz Trust action in state court violates the TCA's requirements.

The Third Circuit's decision in *Ogden* does not change the analysis. In *Ogden*, the plaintiffs initially brought suit in the district court, alleging a violation of the TCA based on the local zoning board's denial of a zoning permit. 504 F.3d at 376. The district court found that the local zoning board's decision violated the TCA, and in

response, the zoning board issued the permit. *Id*. at 376–77. Thereafter, the plaintiff applied to the local building inspector for a building permit, which the building inspector denied. *Id*. at 377. As a result of this decision, the plaintiff returned to the district court, seeking an order to compel the issuance of the building permit. *Id*. The district court found "nothing in the record before it that would support the denial . . . of a building permit" and determined that remanding to the local authorities to reconsider the application "would frustrate the intent of the TCA." *Id*. As a result, the district court ordered the local authorities to issue all necessary permits, including the building permit. *Id*. The Third Circuit affirmed, "conclud[ing] that the court properly ordered the issuance of the building permits as a supplemental remedy to the Township's violation of the TCA." *Id*. at 396.

These facts are distinguishable. Here, unlike *Ogden*, after the BOZA granted the CUP, Fritz Trust—not Franklin County—initiated legal action that halted U.S. Cellular's tower construction. In addition, unlike *Ogden*, where the building inspector actually denied the building permit, it is impossible to discern from the record what steps, if any, U.S. Cellular has actually taken to get Franklin County to issue the CUP or the building permit and how Franklin County has responded.[3] *Cf. Nextel Partners,*

[3]In a memorandum supporting its motion for judgment, U.S. Cellular merely asserted that "Franklin County refuses to issue the building permit because of, upon information and belief, [Intervenor] Fritz's pending claims." At oral argument, when asked whether U.S. Cellular had applied for a building permit, counsel responded, equivocally and somewhat cryptically:

> We have asked that the building permit be issued. One of the concerns is that because of the ongoing litigation, any building permit is under the cloud of the ongoing challenges. So for those reasons, as a practical matter, it makes it difficult to build a tower without the security of knowing that the litigation is wound up.

U.S. Cellular has not identified which provisions of the TCA that Franklin County's action (or inaction) would violate.

*Inc. v. Kingston Twp.*, 286 F.3d 687, 692 (3d Cir. 2002) ("In the absence of a request to approve the construction of a facility, the failure to approve the facility is not a 'failure to act' within the meaning of this provision."). While the *Ogden* court did not address the issue of mootness, the court did have a decision by the local authority that it could review, and it did find that this decision violated the TCA. Here, in sharp contrast, there is no action by Franklin County for this court to review. *Cf. Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1003–04 (7th Cir. 2004) (finding that the court could not review Sprint's claim because "until Sprint is told definitely whether or not it is permitted to install an antenna and equipment shelter, it is mere speculation whether it even has an injury to complain of"). Moreover, to the extent that U.S. Cellular seeks judicial review of Franklin County's "failure to act," in light of the Fritz Trust action, a failure-to-act allegation would constitute a distinct claim alleging a distinct violation of the TCA. *See* 47 U.S.C. § 332(c)(7)(B)(ii) (requiring state and local authorities to act on any permit applications "within a reasonable period of time"). In sum, while *Ogden* may suggest that this court could retain jurisdiction "to resolve any issues between the parties as to further site plan and building permit issues"—as U.S. Cellular's complaint requested—U.S. Cellular, unlike the plaintiff in *Ogden*, has failed to show that there is a cognizable issue for this court to review.

Because there is no longer a BOZA decision that violates the TCA for this court to review, I would find that U.S. Cellular's TCA claim is moot. Accordingly, I would affirm the district court.

_____

-13-