**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED URBAN INDIAN
COUNCIL, INC.,

Petitioner,

v.

UNITED STATES DEPARTMENT
OF LABOR,

Respondent.

No. 01-9523
(No. 01-025)
(Petition for Review)

CITIZEN POTAWATOMI NATION,

Intervenor.

**ORDER AND JUDGMENT** *

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner United Urban Indian Council, Inc. (UUIC) has provided employment training to Native Americans in Oklahoma County, Oklahoma, for many years with a grant under the Indian and Native American (INA) Programs section of the Workforce Investment Act of 1998, 29 U.S.C. §§ 2801-2945. Party-in-interest Citizen Potawatomi Nation (CPN) has served neighboring Cleveland County with an INA grant.  In 1999, the Department of Labor (DOL) solicited applications for the grant period from July 1, 2000, through June 30, 2002.  UUIC applied to serve both Oklahoma County and Cleveland County. CPN applied to serve Cleveland County and a twelve-mile wide area along the eastern boundary of Oklahoma County.  The DOL awarded the grant money to service the twelve-mile wide strip of Oklahoma County to CPN.  UUIC sought administrative review.  The award was upheld by an administrative law judge (ALJ) and the DOL's Administrative Review Board.  UUIC now petitions this court for review.  We have jurisdiction under 29 U.S.C. § 2937(a)(1).

CPN contends, however, that the case is moot because UUIC can no longer obtain the grant under the regulations for the grant period in dispute.  We agree. Under 20 C.F.R. § 667.800(a), UUIC was allowed to request a hearing before an ALJ to dispute the reduction of its territory and award.  If the ALJ would have

ruled that UUIC should have been selected as the grantee and that UUIC continued to meet the grant requirements, UUIC would be funded "within 90 days of the ALJ's decision unless the end of the 90-day period is within six (6) months of the end of the funding period." 20 C.F.R. § 667.825(b). Because the grant period ends on June 30, 2002, this case is already well within the six-month period. Thus, UUIC could not be refunded now, even if this court were to determine that the contested territory should have been awarded to UUIC.

UUIC urges us to find that the legal issue underlying the reduction of its territory and award is capable of repetition, yet evading review, and that the case is therefore not moot. This argument is without merit. The Supreme Court has held that an issue is capable of repetition, yet evading review only when two factors exist: (1) the challenged action is of a duration too short to be fully litigated before becoming moot, and (2) the complaining party shows that there is a reasonable expectation that it will be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). UUIC did not seek expedited review that is provided by the regulations, however. See 29 C.F.R. § 18.42. Nor, for that matter, did UUIC ask this court to expedite this present appeal. Therefore, it cannot be heard now to complain that the DOL's action is of a duration too short to be fully litigated before coming moot. See Midwest Farmworker Employment & Training, Inc. v. United States Dep't of

Labor, 200 F.3d 1198, 1201 (8th Cir. 2000).  Because UUIC has not shown that the issue is evading review, we need not address the second factor of the test.

UUIC also argues that it still has an active case or controversy in the nature of a declaratory judgment action seeking the future designation as the INA grantee for the remainder of the grant cycle.  We are unpersuaded.  Under the regulations, the award for the grant period from July 1, 2002, through June 30, 2004, was made on March 1, 2002.  20 C.F.R. § 668.260(a).  Relief under the Act is prospective only, however.  20 C.F.R. § 667.825(a).  UUIC therefore cannot demonstrate that any decision from this court concerning the grant period ending on June 30, 2002, can alter the decision just made for the next grant period.  Further, UUIC has not demonstrated that DOL's failure to designate it the incumbent grantee for the disputed territory during the current grant period will have any affect on the grant decision to be made in 2004.  There is therefore no meaningful relief this court can provide, and this appeal is moot.

The petition for review is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-