NARRAGANSETT INDIAN TRIBE OF RHODE ISLAND, Plaintiff,

v.

Elaine L. CHAO, in her capacity as Secretary of Labor, United States of America, Defendant.

No. CIV.A. 02–301S.

United States District Court, D. Rhode Island.

Feb. 27, 2003.

John F. Killoy, Esq., Wakefield, RI, for Plaintiff.

Anthony C. DiGioia, Providence, RI, for Defendant.

## DECISION AND ORDER

SMITH, District Judge.

The Narragansett Indian Tribe of Rhode Island (the "Tribe") and the Rhode Island Indian Council (the "RIIC") both sought a grant from the United States Department of Labor (the "DOL") to provide job training for Rhode Island's Native American population. The funding was available pursuant to § 166 of the Workforce Investment Act ("WIA"), 29 U.S.C. § 2911. The DOL awarded the grant for program years 2000 and 2001 to the RIIC instead of the Tribe. The Tribe initiated this action in order to seek review of the DOL's decision, and, in effect, to set aside the grant to the RIIC or have the Court

fashion some other relief. In turn, the DOL filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, which is the matter currently before the Court. For the following reasons, this Court grants the DOL's Motion to Dismiss.

## I. *Factual and Procedural Background*

### A. The Application Process for Grants Under the WIA

The WIA is implemented through DOL regulations, which are codified at 20 C.F.R. Part 668. The regulations provide a detailed formula that dictates how a grant officer is to determine which applicant shall receive the funding. *See* 20 C.F.R. § 668.200(B)(3).

A dissatisfied applicant for financial assistance may request administrative review of the grant officer's decision by an Administrative Law Judge ("ALJ"). *See* 29 U.S.C. § 2936(a). If the dissatisfied applicant prevails on review, the only available remedy is to be designated as the Act's grantee for the remainder of the current grant cycle. *See* 20 C.F.R. § 667.825(a). The ALJ's decision is the final agency action, unless a dissatisfied party files a petition for review with the Administrative Review Board ("ARB") and the ARB accepts the case for review. 29 U.S.C. § 2936(b); 20 C.F.R. § 667.830(b). An ARB decision, issued within 180 days of acceptance, constitutes final agency action. Where a case is not decided within 180 days of acceptance, the ALJ decision becomes final agency action. *See* 29 U.S.C. § 2936(c); 20 C.F.R. § 667.830.

A grant applicant that is dissatisfied with the DOL's final decision may obtain judicial review in the appropriate Circuit Court of Appeals by filing a petition for review within thirty days of final agency action. *See* 29 U.S.C. § 2937(a)(1); 20 C.F.R. § 667.850.

### B. The Tribe's Attempt to Obtain a WIA Grant

The Tribe applied to the DOL for a WIA grant for the years 2000 and 2001 to serve individuals on its reservation in Charlestown, Rhode Island, and throughout the State of Rhode Island. At that time, the RIIC was already serving as the WIA grantee for the State of Rhode Island. A DOL grant officer determined that the Tribe was not entitled to receive priority as a WIA grantee. As a result, the grant officer conducted a competitive grantee selection process as provided by 20 C.F.R. § 668.250(b)(2)-(3). At the conclusion of that process, the grant officer determined that the RIIC was entitled to continue as the WIA grantee for Rhode Island. On March 1, 2000, the grant officer made her final designation of RIIC as the grantee.

The Tribe, dissatisfied with the grant officer's decision, petitioned for its administrative review by an ALJ. On December 20, 2000, the ALJ issued a Decision and Order denying the Tribe's Petition for Review. Following that denial, the Tribe filed an additional Petition for Review with the ARB on January 12, 2001. On July 20, 2001, the ARB issued an order affirming the ALJ's denial of the Tribe's Petition for Review. The ARB's decision constituted the "final decision" in the case for purposes of 29 U.S.C. § 2936(c).

The Tribe did not appeal the final agency action to the First Circuit Court of Appeals, as required by 29 U.S.C. § 2937(a)(1). Instead, the Tribe initiated this action seeking a declaratory judgment (Count I), injunctive relief (Count II), and review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 (Count III). The DOL responded by filing the Motion to Dismiss, which is the matter now before the Court.

## II. *Standard of Review*

Rule 12(b)(1) provides for dismissal of an action if the court lacks jurisdiction

over the subject matter of the action. Because federal courts are courts of limited subject matter jurisdiction, "the preferred—and often the obligatory—practice is that a court, when confronted with a colorable challenge to its subject-matter jurisdiction, should resolve that question before weighing the merits of a pending action." *Morales Feliciano v. Rullan,* 303 F.3d 1, 6 (1st Cir.2002). *See Donahue v. City of Boston,* 304 F.3d 110, 117 (1st Cir.2002) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101–02, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

■ Challenges to an action, such as mootness and lack of federal question jurisdiction are properly asserted in a Rule 12(b)(1) motion to dismiss. *See D.H.L. Assocs., Inc. v. O'Gorman,* 199 F.3d 50, 54 (1st Cir.1999)(mootness); *BIW Deceived v. Local S6,* 132 F.3d 824, 830–31 (1st Cir.1997)(federal question jurisdiction). When considering a 12(b)(1) motion, the court may consider materials outside the pleadings. *Gonzalez v. United States,* 284 F.3d 281, 288 (1st Cir.2002)("The Court can look beyond the pleadings—to affidavits and depositions—in order to determine jurisdiction").

### III. *Discussion*

The DOL contends in its motion that the Tribe's Complaint should be dismissed because the Court lacks subject matter jurisdiction. The DOL contends that the only procedural avenue available to the Tribe with respect to its denial of the WIA grant was to appeal to the First Circuit within thirty days of the ARB's denial of its Petition for Review. *See* 29 U.S.C. § 2937(a)(1); 20 C.F.R. § 667.850. The ARB's denial occurred on July 20, 2001. The Tribe was required to make any appeal of the grant denial to the First Circuit

on or before August 20, 2001, or waive any right to appeal. Since the Tribe failed to avail itself of this procedure, the DOL contends that the Court lacks subject matter jurisdiction to entertain the Tribe's attempt to seek additional review.

The Tribe asserts numerous defenses to the DOL's Rule 12(b)(1) motion. First, the Tribe contends that the Complaint seeks declaratory and injunctive relief, which were not available to it at the administrative level. Second, they say that the Complaint alleges that the DOL has improperly enacted and applied its WIA regulations, so as to conflict with the Indian Self–Determination and Education Assistance Act ("ISDEA"), 25 U.S.C. § 450, *et seq.* As a result, the Tribe argues, the Court has subject matter jurisdiction because the APA permits review of these inconsistencies. This Court disagrees.

*Declaratory and Injunctive Relief*

■ Counts I and II of the Tribe's Complaint seek declaratory and injunctive relief. Specifically, the Tribe asks the Court to void the DOL's award of the grant to the RIIC for the years 2000 and 2001, or in the alternative to enjoin the funding provided to the RIIC and transfer it to the Tribe. This the Court cannot do.

This Court is powerless to award any meaningful relief for the grant cycles that have passed. As a result, the Tribe's causes of action are moot. *See Maine v. U.S. Dep't of Labor,* 770 F.2d 236, 239 (1st Cir.1985). In *Maine,* the DOL had selected the Penobscott Consortium as a grantee to provide job training services. Maine's Department of Labor, a disappointed applicant, appealed the denial. The First Circuit held that the denial of the grant under the Job Partnership and Training Act[1] was moot because the court could not

---

1. The Job Partnership and Training Act, 29 U.S.C. § 1672, was the statutory predecessor of the Workforce Investment Act.

award effective relief. The court reasoned that because the U.S. Department of Labor does not allow for relief once a grant period has ended, the court could not then make a determination as to the grant because there would be no grant funds to allocate. *Id.* Like the Job Training and Partnership Act, the WIA specifically prohibits the DOL from awarding any grant funds once the term of the grant at issue has expired. *See* 20 C.F.R. § 667.825(a). Since the grant period for the years 2000 and 2001 expired on June 30, 2002, the Court has no ability to grant any relief.

The Court also has no power to grant prospective relief with respect to future grant awards. In *Maine,* the First Circuit rejected just such a request. *Id.* at 240. The court held as follows:

> Maine Labor argues that, even if it cannot obtain relief under DOL's existing policies or regulations, we should create some form of relief—relief that would involve its receiving some kind of advantage or a direct award in a later grant period. But, we cannot do so.... [W]e have found no authority showing that a court has the power to create this type of relief—relief that would take a later grant away from a later winner.

*Id.* Other courts have followed the First Circuit and prohibited the District Courts from granting prospective equitable relief under the WIA. *United Urban Indian Council, Inc. v. U.S. Dept. of Labor,* 31 Fed. Appx. 627, 2002 WL 442378, at *2 (10th Cir.2002). Consequently, this Court holds that it has no power to fashion any prospective relief under the WIA, and the Tribe's claims for declaratory and injunctive relief are therefore moot.

*Review Under the Administrative Procedure Act*

■ The Tribe also claims that the DOL's Motion to Dismiss should be denied because its Complaint seeks review under the APA. However, courts have frequently

held that the APA does not provide an independent source of subject matter jurisdiction. *Jordan Hosp., Inc. v. Shalala,* 276 F.3d 72, 77 n. 4 (1st Cir.2002); *Conservation Law Found., Inc. v. Busey,* 79 F.3d 1250, 1261 (1st Cir.1996).

■ The Tribe claims that because the ALJ and the ARB could not address the constitutionality or propriety of the regulations promulgated under the WIA, this Court must exercise jurisdiction over the matter in order to rule on those issues. Again, this Court disagrees. The administrative review scheme provided in the WIA provides dissatisfied applicants with a direct appeal to the First Circuit. 29 U.S.C. § 2937(a)(1); 20 C.F.R. § 667.850. After receiving final agency action in this matter, the Tribe could have gone right to the top, so to speak, and raised its constitutional and regulatory enactment arguments at the Circuit Court level. But, for reasons that are not clear, it chose not to make a timely appeal. *See Eastern Bridge, LLC v. Chao,* 320 F.3d 84 at 90–91 (1st Cir. Feb.14, 2003). In *Eastern Bridge,* the plaintiff brought claims subject to administrative review directly to the district court, which dismissed the matter for lack of subject matter jurisdiction. On appeal, the plaintiff asserted that it did not need to exhaust administrative remedies because of the constitutional questions raised in the complaint. *Id.* The First Circuit rejected this argument when it held:

> [T]his invocation of constitutional authority, without more, cannot breathe life into a theory already pronounced dead by the Supreme Court in binding precedent. At the termination of administrative review, plaintiffs' constitutional claims 'can be meaningfully addressed in the Court of Appeals.' *Thunder Basin,* 510 U.S. at 215, 114

S.Ct. 771 (stating that 'the general rule disfavoring constitutional adjudication by agencies is not mandatory'). Additionally, the present constitutional claim is really just a recharacterization of their administrative claim, and we will not allow plaintiffs to circumvent the statutory review process with an agile game of word play. *See Heckler v. Ringer,* 466 U.S. 602, 622–24, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (rejecting respondents' attempt to obtain jurisdiction by characterizing his claim as arising under the Constitution rather than under the Social Security Act).

*Id.* As in *Eastern Bridge,* the Tribe is simply attempting to use the APA as an end run around the specific judicial review provisions provided by Congress in the WIA. If the Tribe had made a timely appeal, the First Circuit would have been able to address all of its challenges to the WIA's regulatory scheme. This Court will not breathe life into an appeal that died when the Tribe chose not to exercise its right to appeal.

### IV. *Conclusion*

Based on the reasons stated above, the United States Department of Labor's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.