OPINION
{¶ 1} Appellant City of Mansfield (Neighborhood Youth Corps) appeals the decision of the Richland County Court of Common Pleas, which dismissed a declaratory judgment action regarding the provision of youth services pursuant to the Workforce Investment Act of 1998. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 22, 2005, the Richland County Department of Job and Family Services ("RCDJFS") released a "request for proposal" seeking qualified providers of youth services for Richland and Crawford Counties under the Workforce Investment Act of 1998. A total of seven providers timely responded to the request for proposal, which was to cover the one-year period from July 1, 2005 through June 30, 2006. Among these responding providers were Appellee Mid-Ohio Education Service Center ("MOESC") and Appellant Neighborhood Youth Corps ("NYC").
 {¶ 3} All proposals were reviewed by the Richland-Crawford Youth Council in accordance with the language of the request for proposal. The reviewers, using a ratings score system, gave MOESC a score of 86.7, the highest among the seven providers, followed by NYC, with a score of 81.7. The Youth Council thus recommended to the Area #10 Workforce Investment Act ("WIA") Board that MOESC be awarded the contract for youth services for the one-year period in question. The Youth Council's recommendation was adopted by a unanimous vote of said Area #10 WIA Board, and subsequently by the WIA Board of Governors.
 {¶ 4} Pursuant to the process set forth in the request for proposal, appellant appealed to a two-person RCDJFS designated panel. On June 24, 2005, the panel issued a written finding that the scoring decision and overall processes were fair and equitable. No appeal was taken therefrom to the Ohio Department of Job and Family Services.
 {¶ 5} On June 29, 2005, appellant NYC filed a declaratory judgment action as to the funding award in the Richland County Court of Common Pleas, naming as defendants the Area #10 Workforce Investment Act Board, the Area #10 Workforce Investment Act Board of Governors, and RCDJFS. Appellee MOESC was subsequently added as a fourth defendant. In July 2005, RCDJFS and MOESC each filed a motion for summary judgment. On October 3, 2005, the trial court issued a final order granting both motions for summary judgment, based on the court's conclusion that appellant had failed to exhaust its administrative remedies as required under federal law: "The City should have used the administrative procedure provided by the ODJFS pursuant to CFR 667.600 to take its appeal to the State agency and perhaps to the U.S. Department of Labor and the U.S. Sixth Circuit Court of Appeals." Judgment Entry, October 3, 2005, at 2-3.
 {¶ 6} Appellant filed a notice of appeal on October 31, 2005, and herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT BASED UPON THE CONCLUSION THAT THE CITY OF MANSFIELD HAD FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES."
 I. {¶ 8} In its sole Assignment of Error, appellant argues the trial court erred in granting summary judgment in favor of appellees on the basis of failure to exhaust administrative remedies. We disagree.
 {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 10} In this matter, a consideration of the summary judgment decision before us essentially entails jurisdictional questions connected with the WIA administrative appeal process. The case of Narragansett Indian Tribe of R.I. v. Chao (D.R.I. 2003), 248 F.Supp.2d 48, which was cited by the trial court in its decision, sheds light on this issue. In that case, the Narragansett Indian Tribe of Rhode Island and the Rhode Island Indian Council both sought a federal grant, pursuant to § 166 of the WIA, 29 U.S.C. § 2911, to provide job training for Rhode Island's Native American population. A Department of Labor grant officer awarded the grant to the Council instead of the Tribe. The Tribe, dissatisfied with the grant officer's decision, petitioned for an administrative review by an Administrative Law Judge, who later issued a decision and order denying the Tribe's Petition for Review. Following this denial, the Tribe filed an additional Petition for Review with the Administrative Review Board, which thereafter issued an order affirming the ALJ's denial of the Tribe's Petition for Review. Instead of appealing the ARB's order to the First Circuit Court of Appeals, however, as required by 29 U.S.C. 2937(a)(1), the Tribe filed an action in federal district court. Id. at 48-49.
 {¶ 11} The District Court ultimately dismissed the Tribe's action, noting in pertinent part: "The administrative review scheme provided in the WIA provides dissatisfied applicants with a direct appeal to the First Circuit. 29 U.S.C. § 2937(a)(1);20 C.F.R. § 667.850. After receiving final agency action in this matter, the Tribe could have gone right to the top, so to speak, and raised its constitutional and regulatory enactment arguments at the Circuit Court level. But, for reasons that are not clear, it chose not to make a timely appeal." Id. at 50.
 {¶ 12} We are cognizant that Narragansett addresses different federal regulations than 20 CFR 667.600, the provision cited in the judgment entry in the present appeal. However, we are persuaded that Narragansett at least confirms the principle that a dissatisfied WIA applicant must exhaust its administrative remedies in circumstances such as in the present case, prior to seeking declaratory relief in the trial court. In the case sub judice, the pertinent provisions of the ODJFS Manual state, inter alia, that "LWIA/Ohio Option sub area recipients shall follow the procedures set forth at 20 CFR 667.600, et. (sic) seq. for resolving any complaint alleging a violation of WIA ("the Act"), the regulations promulgated thereunder, grants or other agreements under the Act."
 {¶ 13} In turn, 20 CFR 667.600(c) requires that "[l]ocal area procedures" provide:
 {¶ 14} "(1) A process for dealing with grievances and complaints from participants and other interested parties affected by the local Workforce Investment System, including One-Stop partners and service providers;
 {¶ 15} "(2) An opportunity for an informal resolution and a hearing to be completed within 60 days of the filing of the grievance or complaint;
 {¶ 16} "(3) A process which allows an individual alleging a labor standards violation to submit the grievance to a binding arbitration procedure, if a collective bargaining agreement covering the parties to the grievance so provides; and
 {¶ 17} "(4) An opportunity for a local level appeal to a State entity when:
 {¶ 18} "(i) No decision is reached within 60 days; or
 {¶ 19} "(ii) Either party is dissatisfied with the local hearing decision."
 {¶ 20} Appellant nonetheless challenges the applicability of the appeal procedures of 20 CFR 667.600 to this dispute. Appellant contends that since it had not been awarded WIA funds and does not provide WIA services, and since it was not pursuing a "programmatic" or a discrimination-based complaint, the procedures for complaints and grievances outlined in20 CFR 667.600 have no application.
 {¶ 21} Appellant instead relies on the U.S. Department of Labor's uniform grant regulations found in 29 CFR Part 97. It notes that pursuant to 29 CFR 97.36(b)(11) and (12), the subgrantee (in this case, RCDJFS) is responsible for settling contractual issues, including disputes arising out of the procurement process. The "WIA Youth Services Competitive Bid Appeal Process" procedures prepared by RCDJFS set forth the following:
 {¶ 22} "Appeal Review Decision
 {¶ 23} "The designee(s) shall make a decision and render the decision in writing to the complainant and the Director of the Local Area 10 Administrative Entity within a time frame not to exceed ten working days of the initial date of receipt of the appeal request. The decision shall include but not be limited to the following:
 {¶ 24} "1) the action which was appealed;
 {¶ 25} "2) citation and summarization of applicable law which support the facts established; and
 {¶ 26} "3) outcome of the appeal on each issue addressed.
 {¶ 27} "The appeal review decision rendered will be final. When the WIA Youth Services Competitive Bid Appeal process decision has been rendered in writing, the Workforce Investment Administrative Entity will promptly implement the decision."
 {¶ 28} Appellant thus maintains that the two-person panel decision it obtained on June 24, 2005 was a final decision, constituting the exhaustion of its administrative remedies and opening the door to its declaratory judgment action, adding that federal agencies would be prohibited from substituting their judgment for that of the subgrantee RCDJFS unless the matter is "primarily a federal concern."
 {¶ 29} However, as Appellee MOESC aptly responds in its brief, assuming 29 CFR 97 is applicable, 29 CFR 97.36(b)(12) requires that a protesting party "exhaust all administrative remedies with the grantee and subgrantee before pursuing a protest with the Federal agency." (Emphasis added). We find, in reading this sub-section of the CFR as a whole, that this exhaustion principle would extend to 29 CFR 97.36(b)(12)(i), which states "violations of state or local law will be under the jurisdiction of state or local authorities." Here, there is no dispute that appellant failed to pursue an appeal of the final subgrantee (RCDJFS) decision with the grantee, i.e., ODJFS. Even if, as appellant contended in its opposition to summary judgment, it was in some fashion not allowed to appeal to ODJFS, we note29 CFR 97.36(b)(12)(ii) permits a direct appeal to the proper federal agency (here, the Department of Labor) where the grantee or subgrantee has failed to review a complaint or protest. Appellant herein failed to avail itself of such recourse to the Department of Labor as well.
 {¶ 30} "When Congress provides for an elaborate scheme for remedies and review, courts `should not be anxious to allow a circumvention of that process absent extraordinary circumstances.'" Municipality of San Juan v. Human ResourcesOccupational Development Council (D. Puerto Rico 2005),371 F.Supp.2d 52, 60-61, citing Consortium of Cnty. Based Orgs. v.Donovan (E.D.Ca. 1982), 530 F.Supp. 520, 531. Upon review, we find no error in the grant of summary judgment in favor of appellees on the basis of Appellant NYC's failure to exhaust administrative remedies. Appellant's sole Assignment of Error is therefore overruled.
 {¶ 31} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.